# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| LAURIE JEAN ERICKSON,<br><br>Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of the Social Security Administration,<br><br>Defendant. | CASE NO. 2:17-CV-00933-JRC<br><br>ORDER ON PLAINTIFF'S COMPLAINT |

This Court has jurisdiction pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. P. 73 and Local Magistrate Judge Rule MJR 13 (*see also* Consent to Proceed Before a United States Magistrate Judge, Dkt. 2). This matter has been fully briefed. *See* Dkt. 9, 10, 11.

Treating physician Dr. Triet M. Nguyen, D.O diagnosed plaintiff with major depression and post-traumatic stress disorder ("PTSD"). *See* AR. 425-26. Plaintiff's depression and PTSD appear to stem from a history of severe abuse. *See* AR. 370. The Administrative Law Judge ("ALJ") gave little to no weight to Dr. Nguyen's opinion that

plaintiff has an extreme impairment in restriction of her daily activities and maintaining social functioning, plaintiff's condition resulted in defects of concentration, persistence, or pace, and that plaintiff is not capable of performing past relevant work on a regular, continuous basis. AR. 33, 426-27.

However, the ALJ erred in finding that Dr. Nguyen's opinion was not consistent with his findings, the overall treatment record, and plaintiff's activities of daily living. Moreover, the ALJ's finding that Dr. Nguyen's report is based largely on plaintiff's self-reports is not supported by substantial evidence. This error is not harmless, because a reasonable ALJ, when fully crediting Dr. Nguyen's opinion, may have included additional limitations in the RFC, and could have reached a different disability determination.

Therefore, this matter is reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) for further administrative proceedings consistent with this opinion.

## BACKGROUND

Plaintiff, LAURIE JEAN ERICKSON, was born in 1962 and was 50 years old on the alleged date of disability onset of June 4, 2012. *See* AR. 217-23, 224-29. Plaintiff has her GED, took a secretarial word processing class and has had on-the-job training. AR. 47. Plaintiff has office work experience. AR. 264-75.

According to the ALJ, plaintiff has at least the severe impairments of "cervical spondylosis without myelopathy; osteoarthritis; carpal tunnel syndrome; myalgia vs polyarthralgia vs. fibromyalgia; ulnar nerve lesion; affective related disorder (major depressive disorder vs. bipolar disorder); anxiety related disorder (post-traumatic stress

disorder; anxiety disorder; generalized anxiety disorder; panic disorder); personality disorder; attention deficit disorder; and substance abuse disorder (20 CFR 404.1520(c) and 416.920(c))." AR. 23.

At the time of the hearing, plaintiff was living in a modular home with a friend. AR. 56.

PROCEDURAL HISTORY

Plaintiff's applications for disability insurance benefits ("DIB") pursuant to 42 U.S.C. § 423 (Title II) and Supplemental Security Income ("SSI") benefits pursuant to 42 U.S.C. § 1382(a) (Title XVI) of the Social Security Act were denied initially and following reconsideration. *See* AR. 82-94, 95-107, 110-25, 126-41. Plaintiff's requested hearing was held before ALJ Larry Kennedy on July 23, 2015. *See* AR. 37-79. On February 24, 2016, the ALJ issued a written decision in which the ALJ concluded that plaintiff was not disabled pursuant to the Social Security Act. *See* AR. 17-36.

Plaintiff raises the following issues: (1) Did the ALJ appropriately weigh the opinion of the State agency consulting psychologist; (2) Did the hypothetical question to the vocational expert contain all of plaintiff's limitations supported by the record; (3) Did the ALJ provide valid reasons for giving little weight to the opinion from Richard Washburn, Ph.D.; (4) Did the ALJ provide valid reasons for giving little weight to the opinion from William Wilkinson, Ed.D.; and (5) Did the ALJ provide valid reasons for giving little weight to the opinion form treating physician Triet Nguyen, M.D. *See* Dkt. 9 at 1-3.

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (*citing Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

## DISCUSSION

### 1. Did the ALJ provide valid reasons for giving little weight to three medical source opinions?

Plaintiff alleges the ALJ erred in rejecting the opinions of her treating physician, Dr. Triet Nguyen, D.O. Dkt. 9 at 13-16. Defendant contends that the ALJ provided valid reasons for giving little weight to no weight to Dr. Nguyen's opinion. Dkt. 10 at 7-9.

Dr. Nguyen, a specialist in psychiatry, treated plaintiff since 2008, and by September 2014, had seen plaintiff 28 times. AR. 425-27. He opined that plaintiff has recurrent major depression and PTSD. AR. 425-26. Dr. Nguyen opined that plaintiff has an extreme impairment in restriction of her daily activities and maintaining social functioning. AR. 426. He found that plaintiff's condition resulted in defects of concentration, persistence, or pace, resulting in frequent failure to complete tasks in a timely manner. AR. 426. Dr. Nguyen opined that plaintiff's condition has resulted in episodes of decompensation in a work or work-like setting, and that plaintiff is not

capable of performing past relevant work on a regular, continuous basis eight hours per day, five days per week. AR. 427.

The ALJ gave Dr. Nguyen's opinion "little to no weight[,]" reasoning that Dr. Nguyen's opinion was: (1) inconsistent with the medical evidence, including his own treatment notes; (2) inconsistent with plaintiff's activities of daily living; and (3) based largely on plaintiff's self-reports, which are not fully reliable. AR. 32-33.

A. Inconsistent with medical evidence and treatment notes

With respect to the ALJ's reasoning that Dr. Nguyen's opinion is inconsistent with plaintiff's longitudinal treatment record, AR. 32-33, the ALJ cited to a treatment note wherein plaintiff reported that she used marijuana for her anxiety. AR. 26 (citing AR. 457), 425-27.[1] The ALJ further noted that to the extent that plaintiff argues that the use of marijuana for PTSD was authorized, medically necessary or appropriate to treat her mental health impairments, such arguments are rejected. AR. 32-33 fn. 8 (Under Washington State law marijuana was not authorized to treat terminal or debilitating medical conditions until July 2015, ten months after Dr. Nguyen's opinion.). The ALJ also cited to evidence from a May 2014 treatment note that plaintiff used heroin and other drugs between 1996 and 2006. AR. 26 (citing AR. 376). The ALJ reasoned that Dr. Nguyen did not take into account all of the relevant information, including information about plaintiff's substance abuse, which renders his opinions less reliable, and that it

---

[1] The Court notes that the ALJ's decision refers to a treatment note from February 2015, which was several months after Dr. Nguyen offered his September 2014 opinion. AR. 26 (citing AR. 457), 425-27. Nevertheless, it appears that plaintiff did report use of cannabis to Dr. Nguyen as early as November 2013. *See e.g.* AR. 331

ORDER ON PLAINTIFF'S COMPLAINT - 5

would be "equally problematic" if Dr. Nguyen had knowledge of the drug use and failed to disclose it in the report. AR. 33 fn. 8.

The ALJ is correct that Dr. Nguyen did not mention plaintiff's use of marijuana or substance abuse in his evaluation. *See* AR. 32-33, 429. However, although the ALJ found that plaintiff's substance abuse disorder was a severe impairment, the ALJ did not find that plaintiff's substance abuse was a contributing factor material to her disability. *See* AR. 23; 20 C.F.R. § 404.1535(b); 42 U.S.C. § 423(d)(2)(C). Thus, the relevance that plaintiff used marijuana in 2015 and heroin and other drugs from 1996 to 2006 and that Dr. Nguyen was either unaware of it or failed to address it is not clear. Thus, the Court concludes that this is not a legitimate rationale for the failure to credit fully his opinion regarding her being incapable of performing past relevant work on a regular, continuous basis eight hours per day, five days per week.

The ALJ also found that Dr. Nguyen's treatment notes show that plaintiff had intact memory and appeared attentive, which is not consistent with Dr. Nguyen's opinion that plaintiff was impaired in those areas. AR. 33 (citing AR. 329-334). Plaintiff does not address this reasoning in her opening brief. *See* Dkt. 9. Defendant argues that plaintiff's mental status examination showed that plaintiff had normal speech, no concentration problems, and intact memory and insight. Dkt. 10 at 7-8. In plaintiff's reply brief, she argues that Dr. Nguyen was aware of his own treatment notes, and the fact that on "any given day" plaintiff's affect or lack of memory or concentration difficulties appear better does not outweigh his opinion based on "a well-developed longitudinal record" documenting limitations. *See* Dkt. 11 at 6.

Although Dr. Nguyen recorded mostly normal mental status examinations, "it is error for an ALJ to pick out a few isolated instances of improvement over a period of months ... and to treat them as a basis for concluding a claimant is capable of working." *Garrison v. Colvin*, 759 F.3d 995, 1017 (9th Cir. 2014); *Pallesi v. Berryhill*, 696 F. App'x 798, 800 (9th Cir. 2017). Viewed as a whole, treatment notes from Dr. Nguyen are consistent with his opinion of plaintiff's limitations. For example, in December 2013, Dr. Nguyen diagnosed plaintiff with recurrent major depression that was chronic and severe in intensity. AR. 329. Dr. Nguyen reported that plaintiff felt like she was "in a fog." AR. 329. Similarly, over the course of four months, Dr. Nguyen repeatedly observed that plaintiff's mood was depressed, AR. 329 (December 19), 332 (November 21), 340 (March 28, 2014), and that she appeared worried, AR. 332. In March 2014, Dr. Nguyen's treatment notes reflect plaintiff's report that she "has been barely making it[,]" and cannot think straight. AR. 339.

In his evaluation, Dr. Nguyen opined that plaintiff's condition resulted in deficits of concentration, persistence and pace, and reported an instance where plaintiff had to make a packet for financial aid, which took her four to five days, and that she couldn't find her paperwork because her house is a mess. AR. 426. It also appears that Dr. Nguyen may have provided more detail or an additional example, but his writing is cut off in the record. *See* AR. 426. In support of his conclusion that plaintiff could not sustain regular and continuous employment and that her condition would resulted in episodes of decompensation in a work setting, Dr. Nguyen noted that plaintiff could not handle stressful situations or a schedule, was fired from her job, and got into an argument with a

coworker. AR. 427. Dr. Nguyen also cited to medical/clinical findings that plaintiff has a low tolerance to stress, low motivation, lacks patience, and has problems with impulse control. AR. 428-29. Thus, the Court concludes that any reliance by the ALJ on a finding that the evidence related to plaintiff's mental status examinations undermines Dr. Nguyen's opinion is not legitimate rationale for failing to credit his opinion fully.

B. <u>Inconsistent with plaintiff's daily activities</u>

Next, the ALJ found that Dr. Nguyen's opinion was inconsistent with plaintiff's daily activities. AR. 33. As an initial matter, the Court notes that plaintiff does not challenge the ALJ's credibility determination. *See* Dkt. 9. Instead, plaintiff argues that the ALJ failed to describe how her daily activities, specifically mushroom hunting, were inconsistent with Dr. Nguyen's recommendation. Dkt. 9 at 15-16.

Dr. Nguyen opined that plaintiff has an extreme impairment in restriction of her daily activities and maintaining social functioning. AR. 426. The ALJ stated that Dr. Nguyen's opinion was inconsistent with plaintiff's daily activities. AR. 33. Specifically, the ALJ noted that plaintiff is independent with all of her basic activities of daily living, such as cooking, cleaning, bathing, grooming, and grocery shopping. AR. 33 (citing AR. 276-287 (function report), 290-296 (disability report). The ALJ also noted that plaintiff's ability to go mushroom hunting suggests greater functioning, physically and mentally, than Dr. Nguyen indicated. AR. 33.

However, none of the limited, primarily in-home activities, cited by the ALJ establish that plaintiff could perform basic work activities on a regular and continuing basis in a work setting. *See Smolen v. Chater*, 80 F.3d 1273, 1287 n. 7 (9th Cir. 1996

("The Social Security Act does not require that claimants be utterly incapacitated to be eligible for benefits, and many home activities may not be easily transferable to a work environment where it might be impossible to rest periodically or take medication."); *Fair v. Bowen,* 885 F.2d 597, 603 (9th Cir. 1989) ("[M]any home activities are not easily transferable to what may be the more grueling environment of the workplace, where it might be impossible to periodically rest or take medication.").

Furthermore, plaintiff's testimony relied on by the ALJ regarding her daily activities, indicates that her activities of daily living are more limited than noted by the ALJ. For example, plaintiff testified that she has problems completing a large task, and that she has to take breaks or she will forget what she was doing. AR. 65. She only goes grocery shopping once a week, and that she has other people help her, including her daughter. AR. 67. Plaintiff testified that there are "a lot" of days when she is unable to do any household chores, and days where she cannot do anything, and can barely feed herself. AR. 67. Thus, the evidence fails to reveal that plaintiff spends a substantial part of her day performing any of these activities or that the level at which she performed them is transferable to the work setting.

With respect to the report of mushroom hunting, AR. 33, there is no evidence in the record that plaintiff did so on a regular basis or that she could mushroom hunt or perform other similarly vigorous activity as a part of a job requirement.[2] The ALJ did not

---

[2] The Court notes that the ALJ cites to AR. 339 to show that plaintiff went mushroom hunting. AR. 33. However, this citation does not mention mushroom hunting. Nevertheless, in February 2015, plaintiff reported that she "feels that mushroom hunting helps relieve pain." AR. 450.

ORDER ON PLAINTIFF'S COMPLAINT - 9

discuss the extent or nature of plaintiff's mushroom hunting, and there is no information on how many hours per day plaintiff might have spent mushroom hunting or what level of mental concentration and persistence mushroom hunting may have required. *See Trevizo v. Berryhill,* 871 F.3d 664, 676 (9th Cir. 2017) (holding that the ALJ did not develop a record regarding the extent to which and the frequency with which the plaintiff cared for her young adoptive children and therefore, failed to offer specific and legitimate reasons for rejecting a treating physician's opinion). Thus, the Court finds that the ALJ failed to adequately explain how plaintiff's mushroom hunting is inconsistent with Dr. Nguyen's opinion. Although "the Commissioner's findings are upheld if supported by inferences reasonably drawn from the record," *Batson v. Comm'r of the Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004), the Court cannot find that the ALJ reasonably inferred that a report of mushroom hunting, without more information, indicated that plaintiff's mental limitations were not as limited as Dr. Nguyen found. Because the ALJ failed to develop the record, this activity cannot constitute "substantial evidence" inconsistent with Dr. Nguyen's opinion. *See Popa v. Berryhill*, 872 F.3d 901, 906 (9th Cir. 2017) (finding the ALJ erred when he failed to explain why the claimant's daily activities were inconsistent with the doctor's opinion).

C. Plaintiff's self-reports

Third, the ALJ discounted Dr. Nguyen's opinion on the basis that it was "based … largely on the claimant's self-reports [which] are not fully reliable." AR. 33. According to the Ninth Circuit, "[an] ALJ may reject a treating physician's opinion if it is based 'to a large extent' on a claimant self-reports that have been properly discounted as

incredible." *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008) (*quoting Morgan v. Comm'r. Soc. Sec. Admin.*, 169 F.3d 595, 602 (9th Cir. 1999) (citing *Fair v. Bowen*, 885 F.2d 597, 605 (9th Cir. 1989))). This situation is distinguishable from one in which the doctor provides his own observations in support of his assessments and opinions. *See Ryan v. Comm'r of Soc. Sec. Admin.*, 528 F.3d 1194, 1199-1200 (9th Cir. 2008) ("an ALJ does not provide clear and convincing reasons for rejecting an examining physician's opinion by questioning the credibility of the patient's complaints where the doctor does not discredit those complaints and supports his ultimate opinion with his own observations"); *see also Edlund v. Massanari*, 253 F.3d 1152, 1159 (9th Cir. 2001). According to the Ninth Circuit, "when an opinion is not more heavily based on a patient's self-reports than on clinical observations, there is no evidentiary basis for rejecting the opinion." *Ghanim v. Colvin*, 763 F.3d 1154, 1162 (9th Cir. 2014) (citing *Ryan v. Comm'r of Soc. Sec. Admin.*, 528 F.3d 1194, 1199-1200 (9th Cir. 2008)).

Here, when discussing Dr. Nguyen's opinion, the ALJ relied on two inconsistencies to show that plaintiff's reports are not fully reliable. *See* AR. 33. However, the record does not support the alleged inconsistencies. First, the ALJ noted that plaintiff stated that she was let go from Boeing because "she was considered surplus," AR. 33 (citing AR. 371-387, quote located at AR. 376), but that Dr. Nguyen's reported that plaintiff was fired from her receptionist job, AR. 33, 427. However, plaintiff held numerous administrative-type positions since 2005 including positions as a security access administrator, office administrator, housing assistant, data management specialist, executive assistant, information processing specialist, marketing assistant,

sales coordinator, marketing coordinator, and quality control estimator. *See* AR. 48-51; 233-39; 260-275. Plaintiff testified that her job at Boeing was "kind of a guard at the gate[,]" in which she would check credentials of people entering and exiting the premises. AR. 49. Based on plaintiff's description of her position at Boeing, it is not clear that Dr. Nguyen was referring to her job at Boeing. *See id.* Plaintiff worked at several different positions, many of them administrative and secretarial in nature, it is equally possible Dr. Nguyen was referring to another position. AR. 427.

Second, the ALJ noted that plaintiff's condition has resulted in episodes of decompensation, but that plaintiff has not been hospitalized for mental health issues. AR. 33. Episodes of decompensation are defined under the Social Security Act as "exacerbations or temporary increase in symptoms or signs accompanied by a loss of adaptive functioning, as manifested by difficulties in performing activities of daily living, maintaining social relations, or maintaining concentration, persistence, or pace." 20 C.F.R., Part 404, Subpart P, App. 1, § 12.00(C)(4). The regulations further state that "[e]pisodes of decompensation may be inferred from medical records showing significant alteration in medication; or documentation of the need for a more structured psychological support system (e.g., hospitalizations, placement in a halfway house, or a highly structured and directing household)." *Id.*

The ALJ's finding is apparently based on a misconception that only hospitalization constitutes decompensation. There is no evidence in the record to support the ALJ's assumption, and it is not consistent with the definition under the Social Security Act. Rather, Dr. Nguyen identified that plaintiff's condition had resulted in

episodes of deterioration or decompensation in a work, or work-like setting, by noting that plaintiff is not able to handle stressful situations, for example, she lost her job as a receptionist and got into an argument with a coworker, AR. 427, which is consistent with the definition under the Social Security Act. Thus, the alleged inconsistency related to plaintiff's decompensation is not a reason to reject Dr. Nguyen's opinion. Furthermore, the ALJ has not cited to evidence in the treatment record that demonstrates that Dr. Nguyen relied heavily on plaintiff's self reports, even if her self reports were unreliable, *see infra*.

Moreover, although Dr. Nguyen's opinion was based in part on plaintiff's self-reports, Dr. Nguyen also conducted objective measures, including a clinical interview and mental status examination. AR. 329-334, 339-342. No part of Dr. Nguyen's evaluation questioned or discredited plaintiff's reports. *See id.* These are objective measures, and the ALJ gave no specific and legitimate reason for rejecting these findings. *See Buck v. Berryhill*, 869 F.3d 1040, 1049 (9th Cir. 2017) (clinical interviews and mental status evaluations are "objective measures" which "cannot be discounted as a self-report."). The Ninth Circuit recently clarified how an ALJ should evaluate psychiatric evaluations:

> [A]s two other circuits have acknowledged, "[t]he report of a psychiatrist should not be rejected simply because of the relative imprecision of the psychiatric methodology." . . . Psychiatric evaluations may appear subjective, especially compared to evaluation in other medical fields. Diagnoses will always depend in part on the patient's self-report, as well as on the clinician's observations of the patient. But such is the nature of psychiatry. . . . Thus, the rule allowing an ALJ to reject opinions based on self-reports does not apply in the same manner to opinions regarding mental illness.

*Buck*, 869 F.3d at 1049 (quoting *Blankenship v. Bowen*, 874 F.2d 1116, 1121 (6th Cir. 1989)) (citations omitted). Therefore, the ALJ's decision to discount Dr. Nguyen's opinion based on Dr. Nguyen's partial reliance on plaintiff's self-reports is not a valid reason to reject his opinion.

D. Harmless error

Thus, the undersigned concludes that the ALJ erred when he gave little to no weight to Dr. Nguyen's opinion. The Ninth Circuit has "recognized that harmless error principles apply in the Social Security Act context." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (citing *Stout v. Commissioner*, *Social Security Administration*, 454 F.3d 1050, 1054 (9th Cir. 2006) (collecting cases)). The Ninth Circuit has reaffirmed the explanation in *Stout* that "ALJ errors in social security are harmless if they are 'inconsequential to the ultimate nondisability determination' and that 'a reviewing court cannot consider [an] error harmless unless it can confidently conclude that no reasonable ALJ, when fully crediting the testimony, could have reached a different disability determination.'" *Marsh v. Colvin*, 792 F.3d 1170, 1173 (9th Cir. 2015) (citing *Stout,* 454 F.3d at 1055-56). In *Marsh,* even though "the district court gave persuasive reasons to determine harmlessness," the Ninth Circuit reversed and remanded for further administrative proceedings, noting that "the decision on disability rests with the ALJ and the Commissioner of the Social Security Administration in the first instance, not with a district court." *Id.* (citing 20 C.F.R. § 404.1527(d)(1)-(3)).

A reasonable ALJ, fully crediting Dr. Nguyen's opinion, may have included additional limitations in the RFC, which could have resulted in a different ultimate

disability determination. *See* AR. 25. For example, Dr. Nguyen opined that plaintiff has an extreme impairment in restriction of her daily activities and maintaining social functioning, plaintiff's condition resulted in defects of concentration, persistence, or pace, and that plaintiff is not capable of performing past relevant work on a regular, continuous basis eight hours per day, five days per week. AR. 426-29. The RFC did not contain these limitations. AR. 25. As fully crediting these opinions likely would alter the ultimate disability determination, the Court cannot conclude with confidence "'that no reasonable ALJ, when fully crediting the testimony, could have reached a different disability determination.'" *See Marsh*, 792 F.3d at 1173 (citing *Stout,* 454 F.3d at 1055-56). Therefore, the ALJ's error is not harmless and the undersigned recommends remanding for further consideration of Dr. Nguyen's opinion.

E. Challenges to other medical opinions

Regarding challenges to the ALJ's evaluation of other medical opinions, because the Court recommends that this case be remanded for further administrative proceedings, and based on the record as a whole, the Court recommends that the remaining medical evidence should be evaluated anew following remand of this matter.

**2. Did the ALJ appropriately weigh the opinion of the State agency consulting psychologist, including limitations regarding plaintiff's concentration, persistence and pace?**

Because the Court concludes that the ALJ erred when evaluating the medical evidence, and that this case be remanded for further administrative proceedings, *see supra,* section 1, and based on the record as a whole, the Court recommends that the opinion of the State agency consulting psychologist, including any limitations regarding

plaintiff's concentration, persistence and pace, should be evaluated anew following remand of this matter.

### 3. Is remand for a finding of disability the proper remedy in this case?

Plaintiff seeks remand for a calculation of benefits. Dkt. 9 at 17. Generally, when the Social Security Administration does not determine a claimant's application properly, "'the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation.'" *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) (citations omitted). However, the Ninth Circuit has put forth a "test for determining when [improperly rejected] evidence should be credited and an immediate award of benefits directed." *Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000) (quoting *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996)).

At the first step, the court should determine if "the ALJ has failed to provide legally sufficient reasons for rejecting [the particular] evidence." *Smolen, supra*, 80 F.3d at 1292 (citations omitted). Next, as stated recently by the Ninth Circuit:

> Second, we turn to the question whether further administrative proceedings would be useful. In evaluating this issue, we consider whether the record as a whole is free from conflicts, ambiguities, or gaps, whether all factual issues have been resolved, and whether the claimant's entitlement to benefits is clear under the applicable legal rules.

*Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1103-04 (9th Cir. 2014) (citations omitted).

Here, there are conflicts in the medical opinion evidence. For example, Dr. Nguyen's opinion is contradicted by Dr. Clifford's opinion, who found limitations but did not preclude plaintiff from full time work. *See* AR. 120-22 (Dr. Clifford's opinion); 426-

29 (Dr. Nguyen's opinion). Therefore, issues remain in this case warranting remand for further administrative proceedings. *See Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1105 (9th Cir. 2014) (citations omitted) (reversal with a direction to award benefits is inappropriate if further administrative proceedings would serve a useful purpose); *See Kail v. Heckler,* 722 F.2d 1496, 1497 (9th Cir. 1984) (remand proper where additional administrative proceedings that would include "additional medical opinions regarding claimant's residual functional capacity" could remedy defects). The ALJ is responsible for resolving ambiguities and conflicts in the medical evidence. *See Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998) (citing *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995)). Therefore, for all of the stated reasons and based on the record, the undersigned recommends that this matter be reversed and remanded for further administrative proceedings.

## CONCLUSION

Based on these reasons and the relevant record, the Court **ORDERS** that this matter be **REVERSED** and **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) to the Acting Commissioner for further consideration consistent with this order.

**JUDGMENT** should be for plaintiff and the case should be closed.

Dated this 7th day of February, 2018.

J. Richard Creatura
United States Magistrate Judge